UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRYSTAL SERRANT,

                              Plaintiff,

              -against-

46TH PRECINCT POLICE DEPARTMENT;
HONORABLE JUDGE EMILY MORALES-
MINERVA; HONORABLE JUDGE TARA
COLLINS; HONORABLE JUDGE RUBEN
MARTINO,

                              Defendants.

23-CV-5964 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Crystal Serrant, who is appearing *pro se*, brings this action under the Court's

federal question jurisdiction, alleging that Defendants violated her federally protected rights. By

order dated July 24, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, a resident of Georgia, filed this complaint, in connection with events occurring between August 8, 2017, and August 10, 2017, against the following Defendants: (1) the "46th Precinct Police Department"; (2) the Honorable Judge Emily Morales-Minerva; (3) the Honorable Judge Tara Collins; and (4) the Honorable Judge Ruben Martino. The following facts are drawn from the complaint. On August 8, 2017, two detectives from the 46th Precinct, in Bronx County, arrested Plaintiff because her then-husband, Enqi Sang Real, falsely reported to the Bronx County District Attorney's Office that she had "bruis[ed]" him. (ECF 1 ¶ III.) Plaintiff "cried" and told Judge Martino that she was in a "domestic violence situation" with Real, and

that there were ongoing family court proceedings between them, but Martino granted Real temporary custody of three of their seven children. (*Id.*) Real took the three children to Michigan and did not return for a February 2017 court date, but he showed up at Plaintiff's mother's home on July 12, 2017. (*Id.*) Plaintiff made "frantic calls" to 911 that Real had come "to retrieve" their other children, but the police never came, and Real left with the three children, and "no one help[ed]" her. (*Id.*)

Family Court Judge Emily Morales-Minerva allegedly committed "judicial misconduct" and "railroaded" Plaintiff, and Judge Morales Minerva has a "judicial history of neglect" and should not have been assigned to preside over Plaintiff's case. (*Id.*) Judge Tara Collins allegedly "approved [Real's] false order of protection against [Plaintiff] which did not include all 7 children." (*Id.*) Real called the 46th Precinct and demanded that they arrest Plaintiff, even though their 2 year-old twins were not included in the order of protection. (*Id.*) Plaintiff further claims that her and her children "were trafficked." (*Id.*) Plaintiff alleges that she "accept[ed] an ADA to avoid further jail time." (*Id.*)

There are approximately 100 pages of attachments to the complaint, including court records from Bronx County and in Michigan, legal bills, and photographs. Some of these attachments contain the full names and birthdates of Plaintiff's children, and Real's driver's license and social security number. (*Id.* at 10-118.) Included in the attachments is an undated Consent Judgment of Divorce from Michigan. (ECF 103-112.)

Plaintiff asserts claims of false arrest, "judicial misconduct," "obstruction," and violations of her civil rights and "maternal rights," and she cites generally to New York State laws governing domestic violence and custody, and also to 8 U.S.C. § 1324(c). (*Id.* ¶ I.A.)

## DISCUSSION

### A.     Statute of limitations

The Court construes Plaintiff's constitutional claims as arising under 42 U.S.C. § 1983.[1] To state a claim under section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff's section 1983 claims appear to be untimely. In the State of New York, there is a three-year limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-51 (1989). For claims of false arrest brought under section 1983, the applicable limitations period begins to run when the illegal arrest/confinement without legal process ends. *See Wallace*, 549 U.S. at 388-90 (claim of false arrest/false imprisonment under section 1983 accrues on the date when the illegal arrest/confinement without legal process begins, and the applicable limitations period beings to run when that arrest/confinement ends). Otherwise, claims under section 1983 generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *See, e.g., Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013); *Teichmann v. N.Y.C. Emps. Ret. Sys.*, No. 21-CV-5082, 2022 WL 4237110, at *6 (S.D.N.Y. Sept. 14, 2022) (discussion in the context of a procedural due process violation). In addition, "[a]lthough federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled, unless state tolling rules would 'defeat the goals' of section 1983." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) (citation omitted).

---

[1] Plaintiff cites 8 U.S.C. § 1324(c), which authorizes immigration officials to issue subpoenas to compel the attendance of witnesses and production of documents, but this statute has no apparent relevance to the matters Plaintiff seeks to litigate here.

With respect to such tolling under New York State law, "the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *Id.* at 642 (citation omitted). It is the plaintiff who must show "that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling or equitable estoppel claim 'have ceased to be operational.'"[2] *Id.* (citation omitted).

Plaintiff alleges that the events giving rise to this complaint occurred in 2017, but she did not file this action until July 6, 2023. Thus, her false arrest claim, and any other federal claims she may be asserting, arising before July 6, 2020, are presumably untimely. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint to allege facts showing why her claims are timely or why the applicable limitations period should be equitably tolled. *See id.* at 640.

## B.    The named defendants

### 1.    46th Precinct and the New York Police Department

Plaintiff's claims against the 46th Precinct and the New York Police Department must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93

---

[2] Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the action is timely filed. *See Abbas*, 480 F.3d at 640. *Sua sponte* dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011).

n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

It may be Plaintiff's intention to sue the City of New York. When a plaintiff sues a municipality under section 1983, however, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not present facts showing that a municipal policy, custom, or practice caused any violation of her constitutional rights. The Court grants Plaintiff leave to file an amended complaint to provide any facts in support of a municipal liability claim against the City of New York.

2. Judges Morales-Minerva, Collins, and Martino

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot

overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that the judges named as defendants in her complaint acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judges Morales-Minerva, Collins, and Martino for "acts arising out of, or related to, individual cases before," them, they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against the judges because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].")[3]

---

[3] Plaintiff is alerted that abstention doctrines may prevent this court from intervening in family court proceedings or reviewing family court orders. *See Sprint Comm'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292

C.      **Supplemental Jurisdiction**

Under 28 U.S.C. § 1367(c)(3), a federal district court may decline to exercise

supplemental jurisdiction of state-law claims once it has dismissed all of the federal claims of

which it had original jurisdiction. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350

n.7 (1988) ("Generally, when the federal-law claims have dropped out of the lawsuit in its early

stages and only state-law claims remain, the federal court should decline the exercise of

jurisdiction.").

Because it is not clear that Plaintiff can state any federal claim, the Court will determine

at a later time whether to exercise supplemental jurisdiction of any state-law claims Plaintiff

seeks to raise in any amended complaint. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir.

2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, and

---

(2005); *Deem v. Deem*, 941 F.3d 618, 621 (2d Cir. Oct. 30, 2019) (citing *Barber v. Barber*, 62
U.S. 582, 584 (1858)). Because it is not clear if Plaintiff is seeking such relief, the Court will not
consider whether any of those doctrines apply after Plaintiff amends her complaint.

in an abundance of caution, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims against defendants who may properly be sued under Section 1983.[4]

Plaintiff is granted leave to amend her complaint to provide more facts about her false arrest claims, or any other claims she seeks to assert in connection with the events discussed in her complaint, and to address the apparent untimeliness of her complaint. First, Plaintiff must name as the defendants in the caption[5] and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[6] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the "Statement of Claim" section of the amended complaint form, Plaintiff must

---

[4] Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any court submissions referring to a minor must only include the minor's initials. Plaintiff's complaint includes the full names and dates of birth of her minor children. The Court limited electronic access to the complaint to a "case-participant only" basis. Any additional documents Plaintiff submits must comply with Rule 5.2(a)(3). Because court records are public, Plaintiff should also refrain from attaching documents that contain social security numbers, account numbers, or any other personal information.

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[6] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

   a) the names and titles of all relevant people;

   b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

   c) a description of the injuries Plaintiff suffered; and

   d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Finally, Plaintiff is encouraged to **limit the number of attachments** she includes with her complaint. In fact, no attachments are required, unless there are documents that are necessary for the Court to understand the nature of Plaintiff's claims. At this stage, Plaintiff is not required to either prove the truth of her allegations or to provide evidence in support of her claims.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-5964 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     November 6, 2023
           New York, New York

                                     /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____

Telephone Number                         Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                  Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                 State            Zip Code

Defendant 2: _____

First Name                  Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                 State            Zip Code

Defendant 3: _____

First Name                  Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                 State            Zip Code

Defendant 4:

_____
First Name                      Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.