UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRYSTAL C. SERRANT,<br><br>                    Plaintiff,<br><br>-against-<br><br>46TH PRECINCT POLICE DEPARTMENT; HONORABLE JUDGE EMILY MORALES-MINERA; HONRABLE JUDGE RUBEN A. MARTINO; HONORABLE JUDGE BETH BELLER; HONORABLE JUDGE TARA COLLINS,<br><br>                    Defendants. | 23-CV-5964 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint under 42 U.S.C. § 1983 alleging that Defendants violated her rights. By order dated November 6, 2023, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on December 26, 2023, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

Plaintiff filed this complaint against: (1) the "46th Precinct Police Department" in Bronx County; (2) the Honorable Judge Emily Morales-Minerva; (3) the Honorable Judge Tara Collins; and (4) the Honorable Judge Ruben Martino. The following facts are drawn from the original complaint, regarding events occurring in August 2017. At that time, there was a custody dispute taking place in Bronx County Family Court between Plaintiff, a domestic violence victim, and her then-husband, Enqi Sang Real, with whom she shares seven children. (ECF 1 ¶ III.) On August 7, 2017, based on Real's false claims that she had assaulted him, detectives from the 46th Precinct arrested Plaintiff. Family Court Judge Martino granted Real temporary custody of three

of the seven children, and also issued orders of protection ordering Plaintiff to stay away from Real and those three children. (*Id.*) Real took the three children to Michigan and did not return for a court date, but he showed up at Plaintiff's mother's home on July 12, 2017. (*Id.*) Plaintiff made "frantic calls" to 911 that Real had come "to retrieve" their other children, but the police never came, and "no one help[ed]" her. (*Id.*)

Family Court Judge Emily Morales-Minerva allegedly committed "judicial misconduct" and "railroaded" Plaintiff, and Judge Morales-Minerva has a "judicial history of neglect" and should not have been assigned to preside over Plaintiff's case. (*Id.*) Judge Tara Collins allegedly "approved [Real's] false order of protection against [Plaintiff] which did not include all 7 children." (*Id.*) Real called the police and demanded that they arrest Plaintiff, even though their twins were not included in the order of protection. (*Id.*) Plaintiff further claimed that her and her children "were trafficked." (*Id.*) Plaintiff alleged that she "accept[ed] an [adjournment in contemplation of dismissal] to avoid further jail time." (*Id.*) There are approximately 100 pages of attachments to the complaint, including court records from Bronx County and an undated Consent Judgment of Divorce from Michigan. (ECF 103-112.) Plaintiff asserted claims of false arrest, "judicial misconduct," "obstruction," and violations of her civil rights and "maternal rights." (*Id.* ¶ I.A.)

In the Court's November 6, 2023 order, the Court directed Plaintiff to amend her complaint to address the following deficiencies in the original pleading: (1) her Section 1983 claims, arising from the 2017 arrest, were untimely, unless Plaintiff could allege facts showing that the three-year statute of limitations should be equitably tolled; (2) the police precinct and the New York Police Department ("NYPD") were not proper defendants because they could not be sued; (3) to the extent Plaintiff sought to assert a claim against the City of New York, she needed

to allege facts showing that a municipal policy, custom, or practice caused a violation of her constitutional rights; and (4) the judges named as defendants were immune from suit under Section 1983. The Court further stated that it would determine at a later stage whether or not to exercise supplemental jurisdiction of any state law claims purported to be alleging. (ECF 6.) The Court also noted that attachments to the complaint improperly contained the full names and birthdates of Plaintiff's children, and that Plaintiff should refrain from filing documents that contained her children's personal data. *See* Federal Rule of Civil Procedure 5.2(a)(3). (*Id.*)

Plaintiff's amended complaint, filed on December 26, 2023, adds some additional facts regarding the underlying events. Overall, however, it contains substantially similar claims to those set forth in the original complaint. Plaintiff asserts that she was falsely arrested for assaulting Real and violating orders of protection, even though those orders did not apply to the children with whom she was having contact; that Real "trafficked" her and the children to Michigan; that Real never complied with orders to pay child support; and that Real "concocted" his allegations because she would not support his "fictitious [polygamist] lifestyle." (ECF 7 at 53-56.) Plaintiff adds that she was "gangstalked, cyberstalked, threatened and harassed online and in reality for the past 7 years." (*Id.* at 11, 55.) Plaintiff seeks $1 billion in damages. (*Id.* at 55). Attachments to the amended complaint show that the charges against Plaintiff were dismissed and sealed on August 18, 2017, ten days after the arrest.[1] (*Id.* at 18, 20.)

---

[1] Plaintiff also mentions a federal lawsuit that she filed in Michigan against Real, judges, and other defendants, in connection with the custody dispute. *See Serrant v. Real*, No. 23-CV-11578 (E.D. Mich. Aug. 2, 2023) (dismissing complaint for lack of subject matter jurisdiction, under the domestic relations exception, and noting that, in any event, the facts alleged failed to state a claim).

The amended complaint does not remedy the deficiencies set forth in the order to amend.[2] Plaintiff does not address the untimeliness of her Section 1983 claims; Plaintiff again names the police precinct and the NYPD, although they are not suable entities, and the amended complaint does not contain facts suggesting that she can state a claim against the City of New York; and the named judges are immune from suit. (ECF 7.) The amended complaint therefore suffers from the same deficiencies that the Court identified in the original complaint, and the amended complaint is dismissed, for failure to state a claim on which relief may be granted, and on immunity grounds, for the same reasons set forth in the November 6, 2023 order to amend.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (i), (ii), (iii). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

---

[2] As with the original complaint, the amended complaint contains multiple attachments containing private information about Plaintiff's minor children. The Court has instructed the Clerk of Court to restrict access to it.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: January 8, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge